IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION



FILED
FEB 15 2006
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

**BILL SEXTON and
DIANA SEXTON,**

              **Plaintiff,**

v.                    **CIVIL ACTION NO.: 3:06-0102**

**DAVIS & BURTON CONTRACTOR, INC.,
WAL-MART STORES EAST, LP,
WAL-MART REALTY COMPANY, and
WAL-MART REAL ESTATE BUSINESS
TRUST,**

              **Defendants.**

## ANSWER AND CROSS CLAIM OF DEFENDANTS WAL-MART STORES EAST, LP, WAL-MART REALTY COMPANY AND WAL-MART REAL ESTATE BUSINESS TRUST

For its answer to the complaint, the defendants, Wal-Mart Stores East, LP, Wal-Mart Realty Company and Wal-Mart Real Estate Business Trust ("these defendants"), by counsel, aver and state as follows:

1. Upon information and belief, these defendants admit the allegations contained in paragraph 1 of the plaintiffs' complaint, except that they are without information sufficient to form a belief as to the length of time the plaintiffs have resided at 3328 River Avenue.

2. These defendants admit that Wal-Mart Stores East, LP is authorized and does business in the State of West Virginia. These defendants also admit that Wal-Mart

Stores East, LP is a limited partnership. These defendants deny the remaining allegations contained in paragraph 2 of the plaintiffs' complaint.

3. These defendants admit the allegations contained in paragraph 3 of the plaintiffs' complaint.

4. These defendants admit the allegations contained in paragraph 4 of the plaintiffs' complaint.

5. These defendants admit the allegations contained in paragraph 5 of the plaintiffs' complaint.

6. These defendants admit the allegations contained in paragraph 6 of the plaintiffs' complaint.

7. Paragraph 7 of the plaintiffs' complaint states legal conclusions to which no responsive pleading is necessary.

8. Upon information and belief, these defendants admit the allegations contained in paragraph 8 of the plaintiffs' complaint.

9. These defendants admit that, on or about October 1, 2003, excavation work began in Cabell County, West Virginia for a Wal-Mart Super Center. These defendants also admit that explosives were sometimes used in the excavation process. These defendants deny any and all remaining allegations contained in paragraph 9 of the plaintiffs' complaint.

10. These defendants admit that some blasting was employed in the excavation work performed in connection with the construction of the Wal-Mart Super Center in question. These defendants also admit that the Wal-Mart Super Center is a shopping store. These defendants deny any and all remaining allegations contained in paragraph 10 of the plaintiffs' complaint.

11. These defendants admit that explosives were sometimes employed in connection with the construction of the Wal-Mart Super Center in question. These defendants deny any and all remaining allegations contained in paragraph 11 of the plaintiffs' complaint.

12. These defendants incorporate and reallege their responses to the allegations of paragraphs 1 through 11 of the plaintiffs' complaint as if fully set forth herein.

13. These defendants deny the allegations contained in paragraph 13 of the plaintiffs' complaint.

14. These defendants deny the allegations contained in paragraph 14 of the plaintiffs' complaint.

15. These defendants deny the allegations contained in paragraph 15 of the plaintiffs' complaint, including those allegations contained in sub-parts (a) through (c) of that paragraph.

16. These defendants deny the allegations contained in paragraph 16 of the plaintiffs' complaint, including those allegations contained in sub-parts (a) through (g) of that paragraph.

17. These defendants deny the allegations contained in paragraph 17 of the plaintiffs' complaint.

18. These defendants deny the allegations contained in paragraph 18 of the plaintiffs' complaint.

19. These defendants incorporate and reallege their responses to the allegations of paragraphs 1 through 18 of the plaintiffs' complaint as if fully set forth herein.

20. These defendants deny the allegations contained in paragraph 20 of the plaintiffs' complaint.

21. These defendants deny the allegations contained in paragraph 21 of the plaintiffs' complaint.

22. These defendants deny the allegations contained in paragraph 22 of the plaintiffs' complaint, including the allegations contained in sub-parts (a) through (b) of that paragraph.

23. These defendants deny the allegations contained in paragraph 23 of the plaintiffs' complaint, including the allegations contained in sub-parts (a) through (g) of that paragraph.

24. These defendants deny the allegations contained in paragraph 24 of the plaintiffs' complaint.

25. These defendants deny the allegations contained in paragraph 25 of the plaintiffs' complaint.

26. These defendants incorporate and reallege their responses to the allegations of paragraphs 1 through 25 of the plaintiffs' complaint as if fully set forth herein.

27. These defendants deny the allegations contained in paragraph 27 of the plaintiffs' complaint.

28. These defendants deny each and every allegation not specifically admitted herein and deny that they are liable to the plaintiff in any way.

29. These defendants deny that the plaintiffs are entitled to any relief whatsoever.

## *OTHER DEFENSES*

1. The plaintiffs' complaint fails to state a claim upon which relief can be granted.

2. The plaintiffs' claims are barred by the applicable period of limitations and/or laches.

3. The plaintiffs' claims are barred by waiver and estoppel.

4. The plaintiffs' damages, if any, were the result of actions or omissions by one or more third parties, and not these defendants, which bars any recovery against these defendants.

5. These defendants assert the right to have any and all fault that proximately caused or contributed to the damages, if any, of which the plaintiffs complain, apportioned among those responsible.

6. The plaintiffs' complaint fails to join a party or parties required under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

7. These defendants incorporate by reference each and every affirmative defense available to them under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure which discovery might reveal appropriate and reserve the right to assert additional affirmative defenses as the plaintiffs' claims are clarified during the course of this litigation.

## *CROSS CLAIM*

Defendants Wal-Mart Stores East, LP, Wal-Mart Realty Company, and Wal-Mart Real Estate Business Trust, for a cross-claim against Defendant Davis & Burton Contractors, Inc., allege:

1. These defendants state that by reason of the matters alleged and set forth in the plaintiffs' complaint, if the plaintiffs should recover any amount of judgment against these defendants, then and in that event, these defendants are entitled to judgment over and against Defendant Davis & Burton Contractors, Inc. in all such amounts. These defendants hereby plead against such co-defendant primary liability and the right of recovery against such co-defendant.

WHEREFORE, these defendants and cross-claimants demand:

1. That the plaintiffs' complaint be dismissed, or, in the alternative, that judgment be entered for Defendants Wal-Mart Stores East, LP, Wal-Mart Realty Company, and Wal-Mart Real Estate Business Trust and against the plaintiffs as to all claims;

2. That in the event that any or all of these defendants are held liable to the plaintiffs in any amount, that they be awarded judgment against the cross-defendant in that amount;

3. That these defendants be awarded costs of this action, including reasonable attorneys' fees;

4. That the Court grant such further relief to these defendants as it may deem proper.

**WAL-MART STORES EAST, LP, WAL-MART REALTY COMPANY, and WAL-MART REAL ESTATE BUSINESS TRUST,**

By Counsel

*[signature]*

ROGER A. WOLFE (*WVSB # 4111*)
BRIAN J. MOORE *(WVSB # 8898)*
JACKSON KELLY PLLC
1600 Laidley Tower
P. O. Box 553
Charleston, West Virginia 25322
(304) 340-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**BILL SEXTON and
DIANA SEXTON,**

       **Plaintiffs,**

v.             **CIVIL ACTION NO.: 3:06-0102**

**DAVIS & BURTON CONTRACTOR, INC.,
WAL-MART STORES EAST, LP,
WAL-MART REALTY COMPANY, and
WAL-MART REAL ESTATE BUSINESS
TRUST,**

       **Defendants.**

## CERTIFICATE OF SERVICE

    I, Brian J. Moore, counsel for defendants Wal-Mart Stores East, LP, Wal-Mart Realty Company, and Wal-Mart Real Estate Business Trust, do hereby certify that service of the foregoing *Answer and Cross Claim of Defendants Wal-Mart Stores East, LP, Wal-Mart Realty Company and Wal-Mart Real Estate Business Trust* has been made upon the parties by mailing a true and exact copy thereof in the United States mail, on this 14th day of February, 2006, postage prepaid, to counsel of record as follows:

| | |
|---|---|
| Dwight J. Staples (*WVSB # 3566*)<br>Henderson, Henderson & Staples, L.C.<br>711 ½ Fifth Avenue<br>Huntington, WV 25701<br>*Counsel for Plaintiff* | Scott H. Kaminski (WVSB # 6338)<br>Jaclyn A. Bryk (WVSB # 9969)<br>Flaherty, Sensabaugh & Bonasso, PLLC<br>P.O. Box 3843<br>Charleston, WV 25338-3843<br>*Counsel for Davis & Burton* |

                 _____
                 BRIAN J. MOORE *(WVSB # 8898)*